OPINION
This administrative appeal is taken from a final judgment of the Portage County Court of Common Pleas affirming a decision of the Deerfield Township Board of Zoning Appeals ("BZA") finding appellants, Jesse J. Carver, Jr. and Doris E. Carver, to be in violation of the Deerfield Township zoning ordinances.
The following facts are relevant to a determination of this appeal. Appellants have owned a 128-acre farm in Deerfield Township since 1963. Beginning in 1972, appellants began using one of the outbuildings on the property to repair old farm tractors they owned. Over time, appellants began repairing and selling six or seven tractors each year. In August 1979, Deerfield Township adopted a zoning code. Appellants' property was zoned for agricultural and residential use.
Eventually, appellants applied for and received a nonconforming use certificate for the purchase, repair, and sale of farm tractors, garden tractors, and various farm implements. At that time their "business" had an average sale of six or seven tractors per year. In 1995, appellants applied for an expansion of their nonconforming use. They wanted to expand the size of the building housing the tractor repair/sale business and they sought permits for two signs, one for the farm, and one indicating the sale of parts and service for Ingersoll and Case tractors. Appellants failed to indicate to the zoning inspector, however, that they had acquired a retail franchise to sell new Ingersoll and Case tractors.
After construction was completed, appellants opened their retail new tractor franchise for business. The outbuilding had been transformed into a showroom and a new driveway and parking lot were added. Additionally, advertisements were placed in the local telephone book and newspaper. Essentially what had been a tractor repair facility that sold six or seven used tractors per year had been transformed into a full service new tractor dealership.
On July 27, 1995, appellants were issued a citation by the zoning inspector for operating a business in a residential district. This resulted in an enforcement action being brought against appellants. In September 1996, the zoning inspector determined that appellants' operation of a retail tractor franchise was not in accordance with their prior nonconforming use certificate and that it was not a permitted use under the Deerfield Township Zoning Code ("Zoning Code"). No action was taken in response to this determination.
In March 1997, appellants were issued another citation by a successor zoning inspector which resulted in a second enforcement action being brought against appellants. Appellants appealed the citation to the BZA. On June 28, 1997, a hearing was conducted by the BZA. On July 27, 1997, the BZA affirmed the decision of the zoning inspector. Appellants filed an administrative appeal of that decision to the Portage County Court of Common Pleas pursuant to R.C. Chapter 2506.
On May 20, 1998, the trial court affirmed the decision of the BZA. Appellants timely filed a notice of appeal and have set forth the following assignments of error:
 "1. The trial court erred in finding that appellants' present use constituted, under the law, a material change in character from appellants' previous nonconforming use.
 "2. The trial court erred in finding that appellants' present use was not permitted under the Deerfield Township Zoning Resolution."
 In the first assignment of error, appellants contend that the trial court erred in finding that their present use of the property constituted a material change from their prior nonconforming use. We disagree.
In an administrative appeal taken pursuant to R.C. Chapter 2506, a court of appeals must affirm the decision unless it finds, as a matter of law, that the decision is not supported by a preponderance of substantial, reliable, and probative evidence.ATT Wireless Services, Inc. v. City of Streetsboro (June 26, 1998), Portage App. No. 97-P-0070, unreported, at 12, citing Kisilv. Sandusky (1984), 12 Ohio St.3d 30, 34.
Appellants contend that there is no meaningful difference between selling six or seven used tractors per year and operating a new tractor franchise. Only the number of tractors sold changes. The BZA did not accept that representation and neither did the trial court.
The trial court found that the use of the premises as a new tractor franchise was not a continuation of the prior use but, rather, a complete change in the character of the use. The court stated:
 "While before Appellants used an outbuilding to repair and trade or sell a few tractors every year, now Appellants operate a retail franchise outlet for new tractors, complete with showroom, display of goods, and media advertising. This is a change in use, not just a change in volume of a prior use."
 We agree with the trial court. To make the jump from a used tractor repair and resale facility handling six or seven units per year to a new tractor retail franchise requires hurdling a chasm rather than a crevice. Thus, the trial court's decision is supported by a preponderance of substantial, reliable, and probative evidence.
Appellants' first assignment of error is overruled.
Under the second assignment of error, appellants contend that under the plain language of the Zoning Code, the present use of their property is a permissible use and does not require a nonconforming use certificate. We disagree.
Under Section 203.11 of the Zoning Code, agricultural uses are exempt from regulation. It provides, in pertinent part:
 "Nothing contained in these regulations shall prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land upon which such buildings or structures are located, and no zoning certificate shall be required for such use, building or structure. * * * For the purpose of this Resolution `agriculture' shall include * * * agribusiness * * *."
 "Agribusiness" is defined by the Zoning Code at Article XI as "any individual or Corporation actively engaged in farming and buying and selling of products pertaining to agriculture." The trial court found that the sale of farm tractors did not qualify as the "selling of products pertaining to agriculture." As used here, a "product" is something produced in the course of farming. Clearly, a tractor is not a product "pertaining to agriculture." Accordingly, we hold that the operation of a new tractor franchise does not fit within the definition of agribusiness as that term is defined in the Zoning Code. Thus, appellants' use of their property was not exempt pursuant to Section 203.11 as an agricultural use.
Additionally, under R.C. 519.21, the authority of a township board of zoning appeals is limited in the following manner:
 "(A) Except as otherwise provided in division (B) of this section, sections 519.02 to 519.25 of the Revised Code confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land on which such buildings or structures are located, * * * and no zoning certificate shall be required for any such building or structure.
"* * *
 "(C) Such sections confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit in a district zoned for agricultural, industrial, residential, or commercial uses, the use of any land for a farm market where fifty per cent or more of the gross income received from the market is derived from produce raised on farms owned or operated by the market operator in a normal crop year. * * *"
Moreover, R.C. 519.01 defines agriculture as including:
 "[F]arming; ranching; aquaculture; apiculture; horticulture; viticulture; animal husbandry, including, but not limited to, the care and raising of livestock, equine, and fur-bearing animals; poultry husbandry and the production of poultry and poultry products; dairy production; the production of field crops, tobacco, fruits, vegetables, nursery stock, ornamental shrubs, ornamental trees, flowers, sod, or mushrooms; timber; pasturage; any combination of the foregoing; the processing, drying, storage, and marketing of agricultural products when those activities are conducted in conjunction with, but are secondary to, such husbandry or production."
 The Ohio Revised Code sets the perameters by which the townships must operate under. We believe that the commercial sale of farm tractors does not fall within the statutory definition of agricultural and, therefore, is subject to regulation by a board of zoning appeals. Thus, we agree with the conclusion reached by the BZA and the trial court. Hence, appellants needed a nonconforming use certificate in order to operate a new tractor franchise on their property.
Based upon the foregoing analysis, the trial court did not err in determining that appellants' use was not permitted under the Zoning Code. Appellants' second assignment of error is without merit.
Based upon the foregoing analysis, the judgment of the trial court is hereby affirmed.
JUDGE JUDITH A. CHRISTLEY
FORD, P.J., concurs, O'NEILL, J., dissents with Dissenting Opinion.
DISSENTING OPINION